*Harrison, for appellants.*

---

## A. J. RENT, ETC., *v.* CATHERINE COX.

**Wills—Conveyance After Making Will—Deed Procured by Undue Influence.**

In the year 1867 Ann Rent made her last will and testament by which she devised all of her estate to her two children, A. C. Rent and Mrs. Catherine Cox, for life, with remainder to their children.

On the 16th day of April, 1869, the devisor executed a deed to her son, A. C. Rent, one of the appellants, by which she conveyed all of the property devised to Mrs. Cox to him, in trust for his children. For months previous, and about the date of this deed, her many neighbors, who had known her for many years, testified that her mental faculties were much impaired, and to such an extent, in the opinion of many, as to render her incapable of executing such an instrument. She was then residing with her son, A. C. Rent. Deed cancelled.

### APPEAL FROM KENTON CIRCUIT COURT.

#### September 11, 1871.

Opinion by Judge Pryor:

In the year 1867 Mrs. Ann Rent made and published her last will and testament by which she devised all her estate, consisting mostly of town lots in the city of Covington, to her two children, A. C. Rent, one of the appellants, and Mrs. Catherine Cox, one of the appellees. The devise to her children was for their natural lives and to their children in remainder. In the year 1869 the devisor departed this life in the city of Covington, where she resided at the time this will was executed, and in the month of October of that year, this paper was admitted to record in the Kenton county court. On the 16th of April, 1869, the devisor (Ann Rent) executed a deed to her son, A. C. Rent, one of the appellants, by which she conveyed all of the property devised to her daughter Mrs. Cox in trust for his (A. C. Rent's) children. This deed was acknowledged before the clerk of the Kenton county court on the day after its execution. After the execution of the deed the appellant, A. C. Rent, on the same day executed a deed to his sister, Mrs. Cox, for a tract of five hundred acres of land in the state of Tennessee—the consideration of this deed as appears upon its face is for love and affection. The devisor Mrs. Rent died in October, 1869, and soon after her death the appellee Catharine Cox and her children filed this petition in equity in the Kenton circuit court, alleging that at the date of the conveyance from her mother to A. C. Rent of the property devised to her by the will—the old lady was of unsound mind and incompetent to execute such a paper and asks that it be annulled. An amended petition was filed in which it is also

alleged that the deed of the 16th of April, 1869, was procured to be executed by undue and improper influence exercised over the mother by the appellant A. C. Rent. The allegations of the petition and amended petition are all denied so far as the petition alleges any want of mind on the part of Mrs. Rent when she made the deeds and also denying any improper influences exercised over the old lady by A. C. Rent or any one else. There is no question as to the capacity of Mrs. Rent at the time she made and published her will to execute such a paper. On the day the conveyance was made by the old lady to her son A. G. Rent by which she disinherited her daughter and left her without a dollar, she was about seventy years of age, her health had been bad for some time with but little hope of any improvement in her condition. For months previous and at or about the date of this deed, her many neighbors and acquaintances who had known her for years and whose depositions have been taken in this case, disclosed that her mental faculties were much impaired, and to such an extent in the opinion of many as to render her incapable of executing such an instrument. These opinions are based on conversations had with the old lady, the details of which are given in the record. She was then living at the home of her son A. G. Rent. He had procured an attorney or friend to write the deed. It was written not in the presence of the old lady, although read to her after it was written.

The proof shows that she expressed herself satisfied with the deed, and that she remarked that in her opinion the Tennessee property would suit her daughter best. This property is the five hundred acres of land that appellant A. G. Rent says in his answer and deposition he conveyed to his sister Mrs. Cox in consideration of love and affection, and because of his regret that the old lady, his mother, by the deed to him, deprived his sister of the property devised to her. This deed to his sister the appellant had in his possession the day the old lady made the deed to him, and has there kept it ever since. He says that his mother had no knowledge of his intention to make his sister the deed; that he never so informed her and that this deed to the sister was no inducement to the mother to make the deed to him as consideration for it. It is difficult to reconcile this statement with the declaration made by Mrs. Rent at the time

---

---

she made this deed: that the Tennessee land would suit her daughter best.

This Tennessee land it is difficult to find, and if the appellant has the undisputed right to it and with a perfect title, still it costs him nothing and from the proof the court is inclined to think is of but little, if any, value. We are also of the opinion that the appellant must have induced the old lady to forget her obligations to provide for the daughter by suggestions to her that this Tennessee land was of more value than the land devised to Mrs. Cox. These suggestions must have emanated from the appellant, A. G. Rent. The efforts on the part of the appellant to show unfriendly relations between the mother and daughter as a reason for the execution of this deed has utterly failed.

The judgment of the court below cancelling the deed is affirmed.

*Ellis, for appellant.*

*Handy, for appellee.*